IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MSR IMPORTS, INC., <br>           Plaintiff, <br> v. <br> GLOBAL GOODS, *et al.*, <br>           Defendants. | Civil Action No. <br><br> 2:23-cv-2133 <br><br><br> **FILED UNDER SEAL** |

### DECLARATION OF DEE ODELL
### IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF
### TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Dee Odell, declare and state as follows:

1.    I am over 18 years of age, and I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ("Application"). If called upon to do so, I could and would competently testify to the following facts set forth below.

2.    In making this declaration, I represent the collective effort of a team of researchers for Ference & Associates, including myself, who conducted an investigation to determine if the identified Defendants were and/or are currently offering for sale and/or selling Infringing Products and whether each of the identified Defendants will ship and/or has actually shipped Infringing Products to the United States, including customers specifically located in Pennsylvania.

3.    Prior to filing this Declaration, we accessed through at least one of the online ecommerce platforms, Amazon.com, eBay.com, Joybuy, Temu.com, Walmart.com, Wish.com,

and AliExpress.com the Merchant Storefronts[1] operating under the seller identities as identified on **Schedule "A"** of the Complaint (the "Seller IDs"). Upon accessing each of the Merchant Storefronts, we were able to view Defendants' Infringing Products[2], add products to the online shopping cart, proceed to a point of checkout, and otherwise actively exchange data with each Merchant Storefront. Through visual inspection of Defendants' listings for Infringing Products, it was confirmed that each Defendant is featuring, displaying, and/or using Plaintiff's Works and/or Plaintiff's Trade Dress, or substantially similar copies of Plaintiff's Works, without authorization and that the products that each Defendant is offering for sale, using virtually identical copies of Plaintiff's Works, or substantially similar copies of Plaintiff's Works, and/or Plaintiff's Trade Dress are, in fact, not genuine products.  The checkout pages or order forms for the Infringing Products confirm that each Defendant was and/or is still currently offering for sale and/or selling Infringing Products through their respective Merchant Storefronts and User Accounts and that each Defendant provides shipping and/or has actually shipped Infringing products to the United States, including to customers located in Pennsylvania.  At checkout, a shipping address located in the Pittsburgh area ("the Pennsylvania Address") in the Western District of Pennsylvania verified that each Defendant provides shipping to the Pennsylvania Address. We inspected the detailed web listings describing the Infringing Products Defendants are offering for sale through the Internet based e-commerce stores operating under each of their

---

[1] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

[2] As set forth in the Complaint, Defendants are using without authorization Plaintiff's sculpture ("Plaintiff's Works"), while promoting, selling, offering for sale, and distributing knock-offs of Plaintiff's Products, thus infringing on Plaintiff's Works and/or Trade Dress.  (the "Infringing Product").

respective Seller IDs, and determined (1) that the listings infringed on the Plaintiff's Work, and (2) the products were not genuine versions of Plaintiff's Products. These were sent to Jonathan Rodack, co-owner and CEO of MSR Imports Inc. True and correct copies of the detailed web listings we captured and downloaded showing the various Infringing Products listed via Defendant's Seller IDs, together with redacted copies of the order summary web pages and confirmation that Defendants were willing and able to ship to the Pennsylvania Address are attached hereto as **Composite Exhibit 1**. Further, when the ordered product was received it was examined and determined not to be authentic. Further, each of the Defendants who shipped the product collected and paid Pennsylvania sales tax.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 19th day of December, 2023, at Pittsburgh, Pennsylvania.

                                                /s/Dee Odell
                                                Dee Odell